UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSH A. WAIRI,<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 14cr10143<br>VIOLATIONS:<br><br>Count 1<br>18 U.S.C. § 2252A(a)(1)<br>Transportation of Child<br>Pornography<br><br>Counts 2, 3 and 4<br>18 U.S.C. § 2251(a)<br>Production of Child<br>Pornography<br><br>18 U.S.C. § 2253<br>Criminal Forfeiture Allegation |

**INDICTMENT**

The Grand Jury charges that:

COUNT ONE: 18 U.S.C. § 2252A(a)(1)- Transportation of Child Pornography

From on or about July, 2013, to April 17, 2014, in the District of Massachusetts and elsewhere,

JOSH A. WAIRI,

defendant herein, did knowingly transport child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer.

1

All in violation of Title 18, United States Code, Sections 2252A(a)(1) and (b).

<u>COUNT TWO</u>:    18 U.S.C. § 2251(a)- Production of Child Pornography

The Grand Jury further charges that:

On or about October, 2011, the exact date being unknown to the Grand Jury, in the District of Massachusetts and elsewhere,

JOSH A. WAIRI,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Minor A", to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

COUNT THREE:   18 U.S.C. § 2251(a)- Production of Child Pornography

The Grand Jury further charges that:

On or about October, 2011, the exact date being unknown to the Grand Jury, in the District of Massachusetts and elsewhere,

JOSH A. WAIRI,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Minor B", to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

4

COUNT FOUR:   18 U.S.C. § 2251(a)- Production of Child Pornography

The Grand Jury further charges that:

In or about 2012, the exact date being unknown to the Grand Jury, in the District of Massachusetts and elsewhere,

JOSH A. WAIRI,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Minor C", to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

FORFEITURE ALLEGATION
(18 U.S.C. § 2253)

The Grand Jury further charges that:

1. The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2253(a)(2).

2. Upon conviction of any of the offenses set forth in Counts One through Four of this Indictment,

JOSH A. WAIRI,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to, items seized by law enforcement on or about April 17, 2014, from the defendant's residence in Somerville, Massachusetts.

6

    3.   If any of the property described in Paragraph 2 above, as a result of any act or omission of the defendant -

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

    All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Suzanne Sullivan Jacobus
Assistant United States Attorney

District of Massachusetts; May 15, 2014

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk                    5/15/2014
                                @ 2:55pm